UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-CR-37-PPS |
| | ) | |
| LAMONTE ADAMS, | ) | |
| | ) | |
| Defendant. | | |

## OPINION AND ORDER

Defendant Lamonte Adams seeks to set aside the forfeiture of three vehicles -- a 2005 GMC Yukon, a 2014 Ford Fusion, and a 2008 Chevrolet Silverado -- that occurred back in 2018. [DE 571; DE 586; DE 578-1; DE 578-2; DE 578-3.] Adams claims he did not receive proper notice. Because the evidence presented to me plainly shows the contrary, his request to set aside the forfeiture must be denied.

The three vehicles were seized by the Drug Enforcement Agency pursuant to 21 U.S.C. Section 881 on January 19, 2018. [DE 578-1; DE 578-2; DE 578-3.] Preliminarily, of the three vehicles, only the 2014 Ford Fusion and a 2008 Chevrolet Silverado belonged to Adams. [DE 588, at 1-2; DE 578-1; DE 578-2.] The 2005 GMC Yukon was evidently owned by Shadae Williams [DE 578-3]. But because it was unclear what interest Adams had in that property, out of an abundance of caution, DEA sent him notice of its seizure. [DE 588-1, at 2, 3.] So whether he in fact owned the vehicle or not, the sufficiency of the notice provided likely bars any claim to that vehicle as well as the others.

1

Additionally, it's worth nothing that while Adams' motion refers to a 2009 Tahoe instead of a 2005 GMC Yukon, there is no record that a 2009 Tahoe was ever seized. [DE 571; DE 588, at 1.] I take it he meant to refer to the 2005 GMC Yukon as he did in his 2020 letter to the DEA Asset Forfeiture Council. [DE 588-1, at 50.]

In all events, DEA sent notice to Adams of the seizure of the 2005 Yukon [DE 588-1, at 2, 15-18], the 2014 Ford Fusion [DE 588-1, at 6, 7, 54-57], and the 2008 Chevrolet Silverado [DE 588-1 at 10, 11; DE 588-2, at 20-23] on February 22, 2018. Receipts for these deliveries to the Lake County Jail have Adams' printed name, his signature, and a handwritten date of February 27th, 2017 (the use of 2017, rather than 2018, seems to be a typo). [DE 588-1, at 18, 57; DE 588-2, at 23.] Each delivery contained a two-page document that was titled "NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS," that then stated that "failure to file a claim may result in the seized property being forfeited to the United States," and that described the process and time limits for filing a claim. [DE 588-1, at 15-16, 54-55; DE 588-2 at 20-21.] Additionally, the DEA posted notice of the three seizures on Forfeiture.gov from March 12, 2018 through April 10, 2018 with instructions and the deadline for filing a claim. [DE 588-1, at 5, 8-9, 13, 47-48; DE 588-2, at 13-14, 52-53.]

On June 5, 2018, after no claim had been made, the DEA declared the assets forfeited to the United States. [DE 578-1; DE 578-2; DE 578-3.]

On February 27, 2023, Adams filed a motion to compel the government to return the three seized vehicles [DE 571] which the government contended should be treated as a motion to return property under Federal Rule of Criminal Procedure 41(g).  [DE 578

at 3.] As these assets had already been subject to forfeiture, upon Adams' request [DE 586, at 2] I characterized his petition as a motion to set aside forfeiture under 18 U.S.C. § 983(e). [DE 587.] This was necessary as 18 U.S.C. § 983(e) is the "exclusive remedy" for setting aside a declaration of forfeiture under a civil forfeiture statute after an administrative forfeiture is complete. 18 U.S.C. § 983(e)(5); s*ee also Troconis-Escovar v. United States*, 59 F.4th 273, 276-77 (7th Cir. 2023). Adams argues that forfeiture should be set aside pursuant to § 983(e) because he did not receive notice that his items were subject to forfeiture. [DE 586 at 2, 3.]

A person may file a § 983(e) motion to set aside a forfeiture if he is "entitled to written notice in any nonjudicial civil forfeiture proceeding" and "does not receive such notice." 18 U.S.C. § 983(e)(1). Such a § 983(e) motion to set aside forfeiture must then be granted if two conditions are met:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

*Id.*

"Actual" notice is not required to meet the constitutional due process requirements in an administrative forfeiture proceeding, merely notice that is "reasonably calculated, under all the circumstances, to apprise [petitioner] of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 171, 173 (2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "[N]otice via certified mail is

typically sufficient for due process purposes." *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000) (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983)). In *Dusenbery*, the Supreme Court found that, even without receipts signed by the prisoner, having prison employees sign for mail at the post office and then distribute it to prisoners was a sufficiently reasonable process of providing notice in a forfeiture proceeding. 534 U.S. at 165, 166. Similarly, in *United States v. Venson*, the court noted that not only was the government's method of delivery (certified mail via the prison's staff) reasonably calculated to provide notice, but also that actual notice was likely established by defendant's signature in the mail logs for the delivery of notice. *United States v. Venson*, No. 05 CR 980, 2017 WL 1208376, at *4 (N.D. Ill. Apr. 3, 2017).

In this case, Adams' signature on the receipts for deliveries of the declarations of forfeiture makes it plain that actual notice was given. [DE 588-1, at 18, 57; DE 588-2, at 23.] This meets – indeed, it exceeds -- the notice requirements of a forfeiture proceeding. Because Adams cannot establish that he "[did] not receive" notice, that the government failed to take "reasonable steps" to provide notice, or that he did not have reason to know of the seizure, his motion must be denied.

For all of these reasons, Adams' motion to set aside the forfeiture [DE 571] is **DENIED**.

ENTERED: July 20, 2023.

      /s/   Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT